IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00181-MR
CRIMINAL CASE NO. 1:03-cr-00027-MR-6

| | |
|---|---|
| RONALD WAYNE LEE, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | O R D E R |

**THIS MATTER** is before the Court on the Petitioner's motion requesting that the Court enter an order again holding this action in abeyance. [CV Doc. 9].[1] According to the Petitioner's motion, the Government does not object to his request. [Id.].

On June 20, 2016, Petitioner commenced this action by filing a petition pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. In his petition, Petitioner contends that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), his prior conviction under North Carolina law for indecent liberties no longer

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting the document is listed on the docket in the civil case file number 1:16-cv-00181-MR, or the letters "CR" denoting the document is listed on the docket in the criminal case file number 1:03-cr-00027-MR-6.

qualifies as a "crime of violence" under the Guidelines. [Id. at 3-4]. Consequently, the Petitioner argues his Career Offender designation is improper and thus his sentence is unlawful. [Id.].

In response to the petition, the Government filed a motion to hold this proceeding in abeyance pending the Supreme Court's decision in Beckles v. United States, 616 Fed. Appx. 415 (11th Cir.), cert. granted, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). [CV Doc. 3]. This Court granted the government's motion and held this matter in abeyance pending the Beckles decision. The Government was granted sixty (60) days after the Beckles decision to file a response to Petitioner's motion to vacate. [CV Doc. 4].

On March 6, 2017, the Supreme Court issued its decision in Beckles, holding that "the advisory [Sentencing] Guidelines are not subject to vagueness challenges under the Due Process Clause" and that Johnson, therefore, does not apply to invalidate the residual clause of the career-offender Guideline. 137 S. Ct. 886, 890, 895 (2017). In the wake of Beckles, the Petitioner filed a supplemental brief in support of his motion to vacate, in which he argued that Beckles does not resolve his claim for relief because he was sentenced when the Sentencing Guidelines were mandatory, rather than advisory. [CV Doc. 5 at 1].

In response to the Petitioner's supplemental brief, the Government moved to stay this case pending the resolution of United States v. Brown, No. 16-7056 (4th Cir.). [CV Doc. 6]. The Court granted the Government's motion on May 9, 2017. [CV Doc. 7].

On August 21, 2017, the Fourth Circuit decided Brown, holding that the Supreme Court in Johnson did not recognize a right to challenge the pre-Booker mandatory Sentencing Guidelines as void for vagueness. United States v. Brown, 868 F.3d 297, 302 (4th Cir. 2017). In light of Brown, the Government filed a Motion to Dismiss the Petitioner's Motion to Vacate on October 3, 2017. [CV Doc. 8].

On October 5, 2017, the petitioner's counsel in Brown filed a motion for rehearing and rehearing *en banc* before the entire Fourth Circuit. That same day, the Fourth Circuit stayed the mandate pending the court's decision on the motion for rehearing and rehearing *en banc*. The Petitioner now moves this Court to hold this case in abeyance pending the Fourth Circuit's resolution of the motion for rehearing *en banc* in Brown.

Based upon the reasons given by the Petitioner, and without objection by the Government, the Court concludes that the Petitioner's motion should be granted.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Continue Holding Petitioner's Motion to Vacate in Abeyance [CV Doc. 9], is hereby **GRANTED** and this matter is hereby held in abeyance pending the Fourth Circuit's decision on the motion for rehearing and rehearing *en banc* in United States v. Brown, No. 16-7056 (4th Cir.). The Petitioner shall have fourteen (14) days after the issuance of the mandate in Brown to file a reply in this matter.

**IT IS SO ORDERED.**

Signed: November 4, 2017

Martin Reidinger
United States District Judge